**Mohamadou Alassane NDIAYE,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–4822–ag.

United States Court of Appeals,
Second Circuit.

June 14, 2006.

Michael Mandel, Wormser, Kiely, Galef & Jacobs, LLP, New York, NY, for Petitioner.

Todd P. Graves, United States Attorney for the Western District of Missouri, Lucinda S. Woolery, Assistant United States Attorney, Kansas City, MO, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Mohamadou Alassane Ndiaye, a native and resident of Mauritania, appeals from a BIA's order affirming Immigration Judge ("IJ") Sandy Hom's order denying his application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Although the BIA stated that it "adopt[ed] and affirm[ed]" the IJ's deci-

sion, the balance of the BIA's decision clearly indicated that the BIA only agreed with the IJ's "ultimate conclusion that the [petitioner] failed to establish his eligibility for relief from removal ... the [petitioner] is unable to demonstrate that he has a well-founded fear of future persecution if returned to Mauritania." As a result, we will review only the BIA's decision. *Cf. Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006).

The BIA relied upon the State Department 2002 Report on conditions in Mauritania to conclude that conditions had sufficiently changed in Mauritania so that petitioner would no longer have a well-founded fear of future persecution if returned there. For the reasons more fully discussed in *Tambadou v. Gonzales,* 446 F.3d 298 (2d Cir.2006), the BIA's conclusion was not supported by substantial evidence. The BIA failed to consider the countervailing reports in the record, some of which suggest that conditions in Mauritania have not improved to the degree indicated by the 2002 Report.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this opinion and the reasoning of *Tambadou.*